IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEBER J. CHRISTOPHERSON,

      Plaintiff,

      v.

NILKOLAY POLOVINKA, R & M
TRANSPORTATION INC.,

      Defendants.

2:24-CV-00425-CCW

## OPINION

Plaintiff, Heber J. Christopherson, asserts claims for negligence against Defendants, Nikolay Polovinka and R&M Transportation Inc. Defendants now move for summary judgment on all of Plaintiff's claims. ECF No. 74. For the reasons set forth below, the Court will grant the Motion.

### I.    Procedural Background

This suit relates to a car accident between Plaintiff Christopherson and Defendant Polovinka. The operative First Amended Complaint ("FAC") asserts a direct liability negligence claim against Mr. Polovinka (Count I), a vicarious liability negligence against Mr. Polovinka's employer R&M Transportation (Count II), and a direct liability negligence claim against R&M Transportation for its alleged "negligen[ce] in the hiring, training and supervision of Defendant Polovinka" (Count III).[1] ECF No. 38 at 4–11. Defendants moved for summary judgment on all of Mr. Christopherson's claims. ECF No. 74. Mr. Christopherson concedes that the Court should grant Defendants' Motion as to Count III. ECF No. 78 at 2. However, Mr. Christopherson

---

[1] This Court exercises jurisdiction pursuant to 28 U.S.C. § 1331, as the parties are diverse and the amount in controversy is over $75,000.

contends the Motion should be denied with respect to Counts I and II. *Id.* The Motion is ripe for resolution. ECF Nos. 76, 78, 81.

## II.   Material Facts

The following facts are drawn from the parties' statements of material fact and are undisputed unless otherwise noted.[2] This lawsuit arises out of a motor vehicle accident that occurred on June 11, 2023, at approximately 9:40 p.m., on Interstate 79 in Greenwood Township, Pennsylvania. ECF No. 79 ¶ 1. Plaintiff Heber J. Christopherson and Defendant Nikolay Polovinka were each operating vehicles[3] on the southbound side of I-79 when a deer appeared on the left-hand side of the road. *Id.* ¶ 3. After both drivers forcefully applied their brakes to avoid striking the deer, Mr. Polovinka's vehicle collided with the rear of Mr. Christopherson's vehicle. *Id.* ¶¶ 3, 36–40. Mr. Christopherson then swerved off the road and into a ditch on the right-hand, southbound side of I-79. ECF No. 75-2 at 70–72.

Corporal Clayton McGeary of the Pennsylvania State Police responded to the accident. ECF No. 79 ¶ 12. He spoke with both drivers at the scene of the accident. *Id.* ¶¶ 13–14. Mr. Polovinka told Corporal McGeary that, while he was driving in the right lane and while Mr. Christopherson was attempting to pass his vehicle from the left lane, a deer suddenly appeared on the lefthand side of the road, prompting Mr. Christopherson to swerve into the right lane and slam on his brakes. *Id.* ¶ 13. Mr. Christopherson told Corporal McGeary that he recalled applying his brakes to avoid striking a deer that had entered the roadway, but that he could not recall which

---

[2] The Court cites to ECF No. 79, which includes Defendants' statement of material facts and Plaintiff's responses to Defendants' statement of material facts. ECF No. 79 also includes Plaintiff's statement of additional material facts. ECF No. 79 ¶¶ 26–52. Defendants, however, failed to respond to Plaintiff's statement of additional material facts. Therefore, to the extent any such statement is disputed, the Court has deemed it to be admitted. *See Ward v. Universal Stainless and Alloy Prod., Inc.*, No. 2:24-cv-432, ECF No. 75 at 3–4 (W.D. Pa. March 25, 2026) (Wiegand, J.) (deeming admitted SOMF counterparty failed to properly oppose).

[3] At the time of the accident, Defendant Polovinka was operating a vehicle in the scope of his employment with Defendant R&M Transportation, Inc. ECF No. 79 ¶ 4.

lane he was driving in when he slammed on the brakes, or whether, in addition to applying his brakes, he also swerved into another lane to avoid hitting the deer. *Id.* ¶ 14.

Based on his investigation and his conversation with both drivers, Corporal McGeary determined that Mr. Polovinka did not violate any traffic rules, but that Mr. Christopherson violated 75 Pa. C.S.A § 3309(1) by failing to maintain a proper position within a single lane of traffic and by failing to provide adequate warning before changing lanes. *Id.* ¶¶ 17, 19. That determination notwithstanding, Corporal McGeary exercised discretion and declined to cite Mr. Christopherson for violating 75 Pa. C.S.A § 3309(1), "due to the fact that both operators acknowledged the deer in the roadway just prior to the crash[.]" ECF No. 75-2 at 14:4–11.[4]

## II.     Legal Standard

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a

---

[4] Corporal McGeary also prepared a crash report in which he recounted that Mr. Christopherson, was "asked what he remembers about the crash[,] to which [Mr. Christopherson] replied that a deer entered the roadway and he recalls hitting this brakes. The next thing he remembers was the vehicle being in the ditch. [Mr. Christopherson] does not recall if he swerved into [Mr. Polovinka's] lane to avoid the deer or just hit his brakes, as he only remembers hitting his brakes." ECF No. 75-2 at 62. The crash report further recounts that Corporal McGeary spoke with Mr. Christopherson again by telephone the day after the accident, and Mr. Christopherson "again indicated he does not recall if he swerved to avoid striking the deer or not." *Id.* at 62–63. At his deposition, Mr. Christopherson offered essentially the same version of events he gave Corporal McGeary at the scene of the crash. Mr. Christopherson testified that he could not recall when he first saw Mr. Polovinka's vehicle on the evening of June 11, 2023. ECF No. 75-1 at 40:1–4. Mr. Christopherson also testified that he was unsure whether he was attempting to pass Mr. Polovinka's vehicle at the time he slammed on his brakes. *Id.* at 40:5–9. When asked what he could recall about the accident, Mr. Christopherson testified, "I remember seeing the deer enter the highway. I remember pressing the brakes. And the next memory I have is coming to in the ditch in a lot of pain." *Id.* at 42:12–16.

rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains with the moving party regardless of which party would have the burden of persuasion at trial." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (internal quotation marks omitted).  Furthermore, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87.  Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted).  But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence…." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations omitted).  Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id.* (cleaned up).  If the non-moving party "fails to make a

showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffmann La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

### III.    Legal Discussion

The parties agree that Pennsylvania law governs their dispute. *Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161, 164 (3d Cir. 1999) (holding when parties agree, either explicitly or implicitly, on the relevant law to apply, the district court in a diversity action shall apply that law). Under Pennsylvania law, the elements of a claim for negligence are: (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) the defendant's failure to conform to the required standard of conduct; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff. *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Here, Defendants argue they are entitled to summary judgment because Mr. Christopherson lacks any evidence that Mr. Polovinka failed to conform to the required standard of conduct by driving negligently on June 11, 2023. ECF No. 76 at 7. Defendants further argue that, even if Mr. Christopherson could establish a *prima facie* case of negligence, the sudden emergency doctrine recognized under Pennsylvania law precludes Mr. Christopherson's negligence claim. *Id.* at 10–11. Mr. Christopherson, by contrast, contends that a reasonable juror could conclude that Mr. Polovinka acted negligently on the evening of the accident, either by driving too closely behind Mr. Christopherson's vehicle or by driving too fast. ECF No. 78 at 7. Mr. Christopherson further contends that the applicability of the sudden emergency doctrine should be resolved by a jury. *Id.* at 13–15.

The Court agrees with Defendants that, viewing the facts in the light most favorable to Mr. Christopherson as the non-moving party, he fails to point to evidence that would allow a reasonable juror to find that Mr. Polovinka was negligent. Accordingly, the Court need not decide whether the sudden emergency doctrine precludes Mr. Christopherson's negligence claim. *Mohney v. Hageter*, No. 11-340, 2013 WL 391155, at *6 (W.D. Pa. Jan. 30, 2013) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.").

Mr. Christopherson admits that, immediately before the accident, he observed a deer on the lefthand side of the road and, to avoid hitting the deer, forcefully applied his brakes. ECF No. 79 ¶ 3. Mr. Christopherson cannot recall what lane he was in when he applied his brakes, whether (as Mr. Polovinka recalls) he swerved into the right lane to avoid striking the deer, or whether he applied his brakes after or while he was changing lanes. *Id.* ¶¶ 6, 14, 48. Mr. Christopherson also cannot say how fast he was driving at the time of the accident, how far the deer was from his vehicle when he first saw the deer, or the amount of time that passed from when he first saw the deer until he applied his brakes. *Id.* ¶¶ 7, 8, 10. In short, Mr. Christopher cannot recall any details about the accident that would establish which driver, if any, was negligent.[5]

Mr. Christopherson asserts that "who was at fault" for the accident is a "disputed question[] of fact" which "must ultimately be resolved by credibility determinations, which are the sole province of the jury." ECF No. 78 at 12–13. While Mr. Christopherson correctly observes that "[c]redibility determinations are strictly for the jury[,]" *Inter Med. Supplies Ltd. v. EBI Med. Sys.*,

---

[5] For example, if Mr. Christopher recalled swerving from the left lane into the right lane at the same that he applied his brakes—which is what Mr. Polovinka recalls—that would tend to establish that Mr. Christopherson was driving negligently and caused the collision. If, alternatively, Mr. Christopherson recalled that he was already driving well ahead of Mr. Polovinka in the right lane at the time he applied his brakes, that would tend to establish that Mr. Polovinka was driving negligently and caused the collision.

*Inc.*, 975 F. Supp. 681, 694 (D.N.J. 1997), he does not proffer any witness testimony or documentary evidence which, if credited by the jury, would support a reasonable finding that Mr. Polovinka was driving negligently on June 11, 2023.[6]  Accordingly, there are no conflicting disputed facts to resolve through credibility determinations.  Said differently, there is no genuine issue of material fact with respect to Mr. Polovinka's alleged negligence, because there is no affirmative evidence that Mr. Polovinka was driving negligently.  Defendants are therefore entitled to summary judgment on Mr. Christopherson's negligence claims.  *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact. . . . [T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").

Because Mr. Christopherson's negligence claim against Mr. Polovinka fails, his claim that R&M Transportation is vicariously liable for Mr. Christopher's alleged negligence must also fail. *See, e.g.*, *Mamalis v. Atlas Van Lines, Inc.*, 560 A.2d 1380, 1383 (Pa. 1989) ("We hold that absent any showing of an affirmative act, or failure to act when required to do so, by the principal, termination of the claim against the agent extinguishes the derivative claim against the principal.

---

[6] Mr. Christopherson's briefing repeatedly points out that Corporal McGeary, who determined that Mr. Polovinka was not at fault for the accident, did not witness the accident. *See, e.g.*, ECF No. 78 at 8.  But Corporal McGeary still has relevant personal knowledge regarding what each driver recollected about the accident shortly after it occurred.  And, based on what Corporal McGeary stated at his deposition and in the crash report, his testimony could not support a reasonable finding that Mr. Polovinka was driving negligently.  Similarly, while Mr. Polovinka was not deposed, Mr. Christopherson docketed a transcript of a discussion between Mr. Polovinka and a claims adjustor from Progressive regarding the accident.  *See* ECF No. 78-2 at 40–43.  In the transcript, Mr. Polovinka provides the claims adjustor with the same version of events he gave Corporal McGeary, in which Mr. Christopherson was attempting to pass Mr. Polovinka's vehicle from the left when, in response to a deer entering the left side of the roadway, he swerved into the right lane before immediately applying his brakes.  *Id.* at 9:11–10:4.  Thus, as with Corporal McGeary, Mr. Polovinka's testimony, if offered at trial, would not support a reasonable finding that Mr. Polovinka was driving negligently.

A claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor.").  Accordingly, the Court will grant summary judgment both to Mr. Polovinka and to R&M Transportation on all of Mr. Christopherson's claims.

## IV.      Conclusion

For the foregoing reasons, Defendants' Motion will be GRANTED.  Accordingly, Mr. Christopherson's claims against both Defendants will be DISMISSED and final judgment will be entered in Defendants' favor.

DATED this 8th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

8